SOREN SCOTT WESTLY, Plaintiff-Appellant, v. RONALD D. PICUR, Comptroller of the City of Chicago, et al., Defendants-Appellees.

First District (3rd Division)   No. 1—88—3412

Opinion filed October 10, 1990.

Clinton A. Krislov and Daniel J. Fumagalli, both of Chicago, for appellant.

Kelly R. Welsh, Corporation Counsel, of Chicago (Ruth M. Moscovitch and L. Anita Richardson, Assistant Corporation Counsel, of counsel), for appellees.

JUSTICE RIZZI delivered the opinion of the court:

On appeal, plaintiff-appellant, Soren Scott Westly, argues that the circuit court erroneously dismissed his amended complaint with prejudice and denied his motions for summary judgment and for temporary and permanent injunctions. Plaintiff brought this action as a class action, against Ronald D. Picur, comptroller of the City of Chicago, Cecil A. Partee, city treasurer, Sharon Gist Gilliam, chief administrative officer of the City of Chicago, and other indi-

viduals whose identities were not known (defendants), challenging the practice of the transfer and expenditure without city council approval of appropriations between line items. The circuit court ruled that the amended complaint failed to state a cause of action.

Illinois law requires that the City of Chicago pass an annual appropriation ordinance. (Ill. Rev. Stat. 1987, ch. 24, par. 8—2—1.) All city contracts and expenditures must be based upon appropriations therein. (Ill. Rev. Stat. 1987, ch. 24, par. 8—1—7.) Proposed appropriations shall be arranged according to funds, departments and other separate agencies of the municipal government. (Ill. Rev. Stat. 1987, ch. 24, par. 8—2—3.) The budget document shall specify the objects and purposes for which appropriations are to be made and the amount proposed to be appropriated for each object and purpose. Ill. Rev. Stat. 1987, ch. 24, par. 8—2—3.

The objects and purposes for which appropriations shall be made are classified and standardized by the following items and by such items shall be designated in the budget document and the annual appropriation ordinance: (1) personal services; (2) contractual services; (3) travel; (4) commodities; (5) equipment; (6) permanent improvements; (7) land; and (8) contingencies. Ill. Rev. Stat. 1987, ch. 24, par. 8—2—4.

At any time during the fiscal year, the corporate authority or city council, by a majority vote of all members and upon request of the mayor, may make transfers within any department or other separate agency of the municipal government of sums of money appropriated for one corporate object or purpose to another corporate object or purpose, but the aggregate of transfers from any appropriation shall not exceed 5% of the appropriation. Ill. Rev. Stat. 1987, ch. 24, par. 8—2—7.

At any time after the first half of the fiscal year, the city council by a two-thirds vote of all of its members may make transfers within any department or other separate agency of the municipal government of sums of money appropriated for one corporate object or purpose to another corporate object or purpose in excess of the 5% limitation. Ill. Rev. Stat. 1987, ch. 24, par. 8—2—7.

It is undisputed that excess appropriations are routinely transferred among line items within the same classification category, that is, within one category rather than between two of the eight categories, without city council approval. Line item transfers reflect adjustments that need to be made during the fiscal year when estimates of the various components of an item of appropriation are inaccurate.

■■ The Illinois Municipal Code prohibits the transfer of appropriations from one corporate object and purpose to another without city council approval. (Ill. Rev. Stat. 1987, ch. 24, par. 8—2—7.) The objects and purposes are classified in the eight categories previously mentioned. Appropriations are made for general categories of spending; a detailed breakdown of the spending is neither required nor should it be confused with an appropriation. (*People ex rel. Toman v. Estate of Otis* (1941), 376 Ill. 112, 117, 33 N.E.2d 202, 204.) Specification of each item of expense for which a levy is made is not required; "[a] single general purpose is sufficient to include every appropriate expenditure required, although there be many items." (*People ex rel. Sweet v. Central Illinois Public Service Co.* (1971), 48 Ill. 2d 145, 149, 268 N.E.2d 404, 406.) Within each category, such as personal services and contractual services, however, the City of Chicago budget identifies the appropriations with item-by-item specificity, including dollar amounts.

■■ We do not interpret the plain meaning of the statutory language as requiring City Council approval for the transfer of line item appropriations within an object and purpose. (*People ex rel. Toman v. Otis* (1941), 376 Ill. 112, 117, 33 N.E.2d 202, 204.) Therefore, the city's practice of transferring appropriations between line items within one of the eight classifications or objects and purposes does not violate the State statute.

Accordingly, we affirm the circuit court's dismissal of the amended complaint with prejudice. We need not address the other issues raised on appeal.

Affirmed.

CERDA, P.J., and WHITE, J., concur.